## HOLIFIELD *v.* STATE.

[96 South. 306. No. 23076.]

CRIMINAL LAW. *Where unreasonable story of prosecutrix is contradicted by credible witnesses, new trial should be granted.*

In a rape case, where the only direct evidence of the guilt of the defendant is that of the injured female, whose history of the crime in its essential details is highly unreasonable and unnatural, and in addition she is contradicted in many of the material portions of her testimony by credible witnesses, a new trial should be granted.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Fate Holifield was convicted of rape, and he appeals. Reversed and remanded.

*Pack & Pack* and *B. F. Carter,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant Holifield was indicted and convicted in the circuit court of the Second district of Jones county of the crime of rape, and sentenced to the penitentiary for life, from which judgment he prosecutes this appeal.

After careful and oft-repeated consideration of the record in this case, we have reached the conclusion that appellant ought to have another trial; that the evidence for the state is so weak that another jury ought to be permitted to pass on the guilt of the appellant. In the first place, the injured female came upon the scene with suggestive shadows in her past history. Hers, of course, was the only direct evidence of appellant's guilt. The details of the crime as testified to by her strike the reasonable mind as most unnatural; and furthermore she is contradicted by credible witnesses in many of the most material portions of her testimony. Her story, in connection with all the facts and circumstances, is hard to believe, though we will not say unbelievable. No good purpose would be answered by setting out the evidence, either in detail or outline. What Judge CAMPBELL said in *Monroe* v. *State,* 71 Miss. 201, 13 So. 885, in reference to a case of this character, seems applicable here. We quote it:

"In the state of our society, we are admonished of the propriety of constant vigilance on the part of judges to guard against injustice liable to result from passion or prejudice, or popular views of the necessity for a vigorous enforcement of the law in certain classes of cases, without due regard in some instances to the merits of the case. Such is the gallantry of our people, and their jealous regard for the honor of women, and the universal readiness to protect them and to avenge their wrongs, and especially the most outrageous which can be done, one, according to law, and sometimes against law, that there is danger that sentiment may mislead juries, and triumph over right and justice, in the class of cases of which this is one, and of which we think this an example. 'Courts and juries cannot well be too cautious in scrutinizing the testimony of the complaining witness, and guarding themselves against the influence of those indignant feelings which are so naturally excited by the enormity of the alleged offense. Although no unreasonable suspicion should be indulged against the accuser, and no sympathy should be

felt for the accused, if guilty, there is much greater danger that injustice may be done to the defendant in cases of this kind than there is in prosecutions of any other character. The evidence . . . is always direct, and whatever may be the just force of countervailing circumstances, honest and unsuspecting jurors may think themselves bound, of necessity, to credit that which is positively sworn.' "

We are impelled to send the case back for another trial, which will probably take place when the public mind is less inflamed than it was at the first trial.

*Reversed and remanded.*