DAVIS *v.* STATE.

[96 South. 307.  No. 23074.]

CRIMINAL LAW. *Where unreasonable story of prosecutrix is contradicted, and defendant may not have had fair trial, a new trial should be granted.*

When testimony of prosecutrix in a rape case, who was not chaste and made no outcry, is unreasonable as a whole, and strongly contradicted by circumstances and direct testimony, and the public was so inflamed against accused, and the atmosphere so charged with this hostile feeling, that defendant very likely did not have a fair and impartial trial, a new trial should be granted.

APPEAL from circuit court of Jones county.
HON. R. S. HALL, Judge.

Will Davis was convicted of rape, and he appeals. Reversed and remanded.

*B. F. Carter, W. J. Pack* and *W. L. Pack,* for appellant.

The proof was wholly insufficient to support the verdict of the jury. It has long been the settled policy of this court, in cases such as the one now at bar, to closely ex-

amine all the facts, and unless thoroughly convinced that the guilt of the accused has been established beyond all reasonable doubt, the court will set aside the verdict and remand the case for a new trial. We realize that as a general rule this court is slow to disturb the finding of the jury in a criminal case, and rightly so. But in the consideration of rape cases, an exception to the rule is clearly recognized, and on numerous occasions the court has reversed rape cases solely upon the ground that the proof was insufficient to sustain a conviction.

In investigating this proposition we have read the opinions of this court in all the rape cases mentioned in the Mississippi digests, and the opinions in all rape cases decided since the compiling of the digests. We may have overlooked some cases, but if so, it has not been intentional. Our investigation discloses some statistics that to us are very interesting, and we set them down briefly here, thinking they may be of some interest to the court.

We have read forty-six cases, forty-four of this number having been appealed by the accused, and two by the state. Of the forty-four appealed by the accused, thirty-six have been reversed. Eighteen because of insufficiency of proof; four because of defect in indictment; five because of error in the exclusion of testimony; eight because of error in admission of incompetent testimony; 1 because of error in instructions.

Of course, in some of these cases, there were combinations of errors, but we have tried in every case to discover the point that seemed to have impressed the court most, and that caused the reversal of the case. It will be noted that one-half of the cases reversed were reversed chiefly because of insufficiency of proof. These figures emphasize more clearly than any words could do, the great care of this court in reviewing the evidence in cases of this kind, and its quickness to set aside the verdict unless the guilt of the accused is clearly shown. *Monroe* v. *State,* 13 So. 884; *Green* v. *State,* 67 Miss. —; *Adams* v. *State,* 47 So. 787.

These quotations show clearly the position of our court, and in our opinion it is well taken. The crime of rape is universally spoken of as being "so easy to charge, and so hard to disprove," and if, as in the case at bar, the accused is placed on trial only a few days after commission of the alleged offense, public sentiment is nearly always highly inflamed against him, crowds jam the place of trial, there is great danger that the defendant's witnesses will be threatened and intimidated, and although every effort be made by the court to give the accused a fair trial, it is an almost impossible thing to do.

If, in the case of *Monroe* v. *State,* 13 So. 884, this court criticized the prosecutrix, an eleven year old girl and doubted her story because she did not blow a dinner horn and thus summon aid, what shall be said of the prosecutrix in the case at bar, who made not the slightest attempt to secure protection against the gross indignities which she alleged were being inflicted upon her?

If the testimony of prosecutrix is to be believed when she says that she was dragged from the car, taken into the wood and raped by each of the three men, in the presence and with the assistance of the other two, what we respectfully ask, is to be done with the testimony of the five witnesses who conclusively corroborate the story told by the appellant and Holifield? All this testimony conclusively establishes the falsity of the story told by prosecutrix, and the truth of that told by appellant and Holifield.

In the light of all the testimony, we respectfully submit that the proof in this case falls far short of that high degree always required by this court in cases of this character, and that the facts contained in this record "are not in such harmony and consistency of relation as to support with satisfaction the verdict of the jury."

*Cassedy Holden,* Assistant attorney-general, for the state.

The appellant contends that the proof was insufficient to sustain a verdict of guilty. This court has so many times passed upon this question that little discussion would be helpful. It is true that the crime of rape is easily charged and difficult to prove or disprove. But there is no presumption against the veracity of the prosecuting witness. And while the testimony of the prosecutrix is to be scrutinized with care and judgment, yet no unreasonable suspicion should be indulged against her. *Hogan* v. *State*, 46 Miss. 274.

Where the only witness is the prosecutrix, there is a reasonable doubt of the defendant's guilt, and the evidence is insufficient. *Rawls* v. *State*, 105 Miss. 406, 62 So. 420. Though the uncorroborated testimony of prosecutrix in a rape case may be sufficient, it is not when there are numerous and serious contradictions thereof. *Allen* v. *State*, 45 So. 833.

On trial for rape, where the testimony of the prosecutrix that she was raped while in a vacant house, was corroborated by a person seeing accused on the gallery of such house, and had examined prosecutrix shortly thereafter when told by the prosecutrix what had taken place, and a physician had examined her shortly thereafter and had found her lacerated and injured, this was not uncorroborated testimony of the prosecutrix. *McArthur* v. *State*, 105 Miss. 398, 62 So. 417.

There is no hard and fast rule which fixes the sufficiency of proof in any case. Each case depends upon its own facts and circumstances. So must the instant case depend. On the one hand, the prosecutrix testified positively that she was forced into the automobile, driven to a spot near the negro cemetery, and raped by Holifield, Davis and Keeton. She testified that two of the men held her while the other had intercourse. She testified that she was afraid of these men and obeyed their commands for fear they might seriously injure or even kill her. She was not seriously contradicted by any witness except the three co-defendants. Circumstances bear out her story.

She was a stranger and naturally she did not expect friends to come to her assistance. She was under great duress and apprehension, and was afraid to make an outcry. In the very beginning she tried to elude the men who had evil designs upon her, but in vain and in this she was corroborated by Lloyd and Reynolds, two disinterested witnesses. She was further corroborated by Mrs. Cottrell who saw her immediately after the crime was committed and stated that she had evidently been crying for something and was still crying and was looking for a·telephone. She was corroborated by Joe Reddock who came for her in a taxi who listened to her story and summoned a policeman. She was corroborated by the policeman, Mr. Scarborough, who also listened to her pitiful tale and proceeded to make a search for the guilty parties. She was corroborated by Mrs. Hammond who testified as to the condition of her clothing and the marks and scratches upon her flesh, and who also listened to her narrative of the outrage. The testimony of the prosecutrix is clear, consistent, corroborated by witnesses and circumstances, and unequivocal. It is the same in each of the three cases.

On the other hand, we have the testimony of Davis and Holifield who claim that Mrs. Mynatt submitted voluntarily to their advances and only became dissatisfied when they refused to pay her money. Are there any serious contradictions in their testimony? Is it not strange that both Holifield and Keeton did not have the proper change? One had a ten dollar bill and the other had a five dollar bill. Is it not strange that they left her, a stranger, sitting by the side of the road, after they had had intercourse with her, and then proceeded back to Laurel by a circuitous route? Why did they not take her back to Laurel, or at least to the outskirts of the city? And why return in a roundabout manner. If they were guilty of no crime surely they did not fear molestation, they did not fear to be seen returning to the city of their residence.

If her act were willing, then what of the scratches and bruises upon her body? Especially, what of the large

bruise upon her side, the swollen lump that had turned purple when Mrs. Hammond saw it? What of her torn clothing and dishevellel hair? If she acted voluntarily, then how explain the bitter weeping that Mrs. Cottrell observed? If she freely submitted to their embraces, then how explain the anguished crying in the presence of Joe Reddock, a stranger?

Let us place her testimony and that of the co-defendants upon the scales of logic and strike a balance. Then, we shall be under the necessity of depositing the circumstantial evidence upon her side of the scales, and thus the balance is overthrown and found to be unfavorable to the three co-defendants.

The judgment should be affirmed.

HOLDEN, J., delivered the opinion of the court.

Will Davis appeals from a conviction for rape and a sentence to the penitentiary for life.

The facts in this case are identical with those in the companion case of *Fate Holifield* v. *State* (No. 23076), 96 So. 306, in which a decision is this day rendered by Division A, reversing the case upon the facts, and therefore we have reached the conclusion that the judgment of the lower court should be reversed in the case before us, and the appellant granted a new trial.

The weakness of the testimony of the prosecutrix lies in its unreasonableness as a whole, and more particularly is it of a doubtful nature, in that the record discloses she was not of chaste character, and made no outcry at a time when the alleged offense could have thereby been prevented. Besides this, her testimony is strongly contradicted by circumstances and the direct testimony of witnesses. At the time of the trial the public mind was highly inflamed aganst the accused, the atmosphere was charged with this hostile feeling, and under these combined conditions it is very likely the appellant did not obtain

that fair and impartial trial guaranteed to him by the law of the land.

As in the *Holifield case, supra,* so here, we do not say the testimony of the prosecutrix is false or unbelievable, for it is not without the pale of reason to say that a jury might possibly believe and convict upon it; but we think a new trial, with a new jury, under calm conditions and surroundings, should be awarded the appellant on the question of his guilt.

*Reversed and remanded.*